ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 AUG 23 PM 12: 33

DUBLIN DIVISION

CLERK J. Burton
SO. DIST. OF GA.

| | | |
|---|---|---|
| JOHN FREDY RINCON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 306-38 |
| | ) | |
| MICHAEL PUGH, Warden, McRae Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2241. For the reasons that follow, the Court recommends that the petition be **DISMISSED** and that judgment be **ENTERED** in favor of respondent.

### I. BACKGROUND

On September 8, 2003, immigration officials detained petitioner at Miami International Airport on suspicion of illegal re-entry after deportation. The United States Marshals Service obtained custody of petitioner on January 30, 2004, pursuant to an indictment entered on January 23, 2004. Resp. Ex. 4. On February 5, the United States District Court for the Southern District of Florida released petitioner on bond, at which time

immigration officials retained custody of him pending removal proceedings. Id.[1] The district court subsequently revoked petitioner's bond on April 5, 2004, and the United States Marshals Service again took custody of petitioner on May 3, 2004. Id. On July 27, 2004, the district court sentenced petitioner to forty-one months in prison. Resp. Ex. 1.

Petitioner filed the instant Section 2241 petition seeking credit for the time he spent in custody prior to the imposition of his sentence. At that time, the federal Bureau of Prisons ("BOP") had credited petitioner with 127 days of jail time prior to his sentence. On July 14, 2006, the BOP recalculated petitioner's jail credit and added 143 days of jail credit.

## II. DISCUSSION

Title 18, United States Code, Section 3585 provides guidelines for calculation of a prison sentence:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The BOP has issued Program Statement 5880.28 of the Sentence Computation

---

[1] Petitioner was released into immigration custody on February 11, 2004. Resp. Ex. 4.

Manual (CCA of 1984), which implements the congressional mandate of Section 3585(b).[2]

According to Program Statement 5880.28,

> [o]fficial detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS) under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability. An inmate being held by INS pending a civil deportation determination is not being held in "official detention" pending criminal charges.

Program Statement 5880.28 (emphasis in original). The Program Statement cites several cases for the proposition that detention pending a deportation determination is civil in nature and is not "official detention" for purposes of Section 3585. See Ramirez-Osorio v. INS, 745 F. 2d 937, 944 (5th Cir. 1984) ("A deportation proceeding is a civil, not criminal, action." (citing INS v. Lopez-Mendoza, 468 U.S. 1032, 1042-43 (1984)); Cabral-Avila v. INS, 589 F.2d 957, 959 (9th Cir. 1978) ("The deportation proceeding, despite the severe consequences, has consistently been classified as a civil, rather than a criminal matter."). The Court also is aware of decisions of precedential value in the Eleventh Circuit holding that deportation proceedings are civil, not criminal, in nature. United States v. Noel, 231 F.3d 833, 837 (11th Cir. 2000) (*per curiam*); Barthold v. United States INS, 517 F.2d 689, 691 (5th Cir. 1975)[3]; see also Reno v. Koray, 515 U.S. 50, 61 (1995) ("[C]redit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a

---

[2] Program Statements, the BOP's internal agency guidelines, are entitled to deference from the courts. Reno v. Koray, 515 U.S. 50, 61 (1995).

[3] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

3

'penal or correctional facility,' § 3621(b), *and who were subject to BOP's control*."[4] (emphasis added)). This Court reached the same conclusion in <u>Fletcher v. Pugh</u>, CV303-082 (S.D. Ga. Apr. 27, 2004). There, the Court denied the petitioner's request for time served in ICE custody because of the civil nature of such custody.

In this case, petitioner has been awarded pre-sentence jail time credit for the time between September 8, 2003, the date of his arrest by immigration officials, and February 11, 2004, the date that he was released on bond into immigration custody, as well as for April 5, 2004, the date on which petitioner was returned to United States Marshals Service custody, through July 26, 2004, the day prior to the date on which petitioner was sentenced. Inasmuch as petitioner has now received credit for those periods of custody, his petition is moot with respect to those time periods.

The remaining period of custody, February 12, 2004, through April 4, 2004, occurred after petitioner had been released by a district court on bond. While immigration officials did retain custody of petitioner during that time, his custody was pending civil removal proceedings, not pending criminal trial.[5] Under Program Statement 5880.28, such detention is not "official detention" and therefore is not properly credited in the calculation of a prisoner's time served. Thus, the BOP appropriately determined petitioner's sentence in its July 14, 2006, recalculation, and the petition should be denied with respect to this time period.

---

[4] Prisoners awaiting deportation by the bureau of Immigrations and Customs Enforcement ("ICE") are subject to the control of ICE, not the BOP.

[5] Immigration officials presumably could have likewise released petitioner on bond during this period.

4

## III. CONCLUSION

For the reasons set forth above, the Court finds that the instant petition is moot with respect to pre-trial detention time served by petitioner between September 8, 2003, and July 26, 2004, except for the period between February 12, 2004, and April 4, 2004, during which petitioner was not in official detention custody. With respect to petitioner's custody between February 12, 2004, and April 4, 2004, his petition should be **DISMISSED** and judgment should be **ENTERED** in favor of respondent.

SO REPORTED and RECOMMENDED this 23rd day of August, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE